# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MALIK ALLAH : CIVIL ACTION
*Plaintiff* :
:
v. :
:
SUPT. TAMMY FERGUSON, et al. : No. 18-4133
*Defendants* :

FILED FEB -5 2020 KATE BARKMAN, Clerk By_____ Dep. Clerk

## MEMORANDUM

PRATTER, J.                        FEBRUARY 4, 2020

Michael Malik Allah seeks to assert his First, Eighth, and Fourteenth Amendment rights by claiming that the defendants destroyed his religious property, confiscated his legal documents, and retaliated against him after he filed a grievance in the process set out for prisoners incarcerated at SCI-Graterford, Collegeville, Pennsylvania. He claims Defendants Tammy Ferguson, Stephen Daring, Philip Washington, Antonio Filaponti, James Nicholson, Jeffery Agular, David Mascellino, Alex Martinez, Thomas Grenevich, and John Does #1-3, in both their personal and official capacities, violated his rights.

Three defense motions are pending and addressed here.[1] They seek partial dismissal of the complaint for the failure to state a claim and severance of certain claims. Upon consideration of the parties' written and oral advocacy, and the applicable case law, the Court has determined to dismiss Defendant Ferguson from the case with respect to Counts II-IV, to dismiss Mr. Allah's

---

[1] All of the named defendants except Defendant Filaponti filed a partial motion to dismiss Defendant Ferguson from this case entirely, and to dismiss Count IV against all of them in their individual capacities. Doc. No. 31. While Defendant Filaponti filed a separate motion to dismiss, during oral argument, his counsel represented that the basis of his motion is the same as the other defendants' motion, Doc. No. 31. Defendant Filaponti has withdrawn the argument by which he seeks dismissal of the claims set forth against him in his official capacity. Now, he only seeks dismissal, as the other named defendants do, of Defendant Ferguson entirely, and of the named defendants with respect to the fourth cause of action, in their individual capacities.

1

fourth cause of action against all of the defendants in their individual capacities, and to deny the request for severance.

## BACKGROUND[2]

### I. Allegations related to the alleged confiscation of religious materials

During his intake at SCI-Graterford, Mr. Allah alleges that Defendants John Doe #1 and Daring, acting as a property officer, confiscated and discarded his religious materials, which are integral to his practice as a minister of the Nation of Islam. Mr. Allah also alleges that Superintendent Ferguson and Officer Daring are responsible for implementing and executing policies related to the inmate intake process, specifically with respect to what materials are admissible in the prison. Allegedly, Officer Daring explained to Mr. Allah that his materials were taken because they were not physically bound up, although the Department of Corrections policy on the possession of religious materials, titled "DC ADM 819," does not prohibit or mention unbound papers. He asserts that the prison invokes an unofficial policy of prohibiting loose paper materials, and this "policy" led to the deprivation of his religious rights.

### II. Allegations related to the purported failure to intervene and retaliation

On May 23, 2018, Mr. Allah filed a grievance with Acting Facility Grievance Coordinator Morgan Shoneberger, requesting that his religious materials be returned, or that he receive compensation for the loss of his materials. Ms. Shoneberger denied the grievance, and Mr. Allah appealed the decision to Superintendent Ferguson, who, in turn, denied the appeal in July 2018.

Eight days after filing the grievance, Defendant Grenevich and John Doe #3 placed inmate Postell in Mr. Allah's cell. Mr. Postell is a convicted murderer, who at the time was in disciplinary custody, which is a more restrictive form of custody than Mr. Allah's administrative custody. Mr.

---

[2] The following factual allegations are accepted as true and considered in the light most favorable to the non-movant, namely, Plaintiff Michael Allah.

2

Allah also suffers from degenerative disease, sciatica, and a herniated disc, and he is older than Mr. Postell. According to Mr. Allah, it was against SCI-Graterford policy to house administrative custody inmates with disciplinary custody inmates. Allegedly, Mr. Allah was not cleared medically to have a cellmate.

Mr. Allah alleges that on June 2, 2018, Mr. Postell told Reverend Gates[3] and Defendant Officers Agular, Washington, and Martinez that he (Mr. Postell) would kill Mr. Allah if he did not get a haircut. Reverend Gates filed an incident report documenting this threat, which was, in due course, submitted to SCI-Graterford's Security Captain, Defendant Mascellino. On June 7, 2018, Mr. Postell told Corrections Officers Filaponti and Nicholson that if he did not get more food, he would kill Mr. Allah. Despite these threats, Defendants did not intervene or attempt to remove Mr. Postell from the cell. Subsequently, Mr. Postell punched Mr. Allah, caused injuries to his head, and placed Mr. Allah in a chokehold until he fell unconscious.

That same day, Mr. Allah filed an additional grievance related to the Postell assault. The grievance was denied later that month, and, in the denial, Lieutenant Sargeant Turnage explained that Mr. Postell was correctly assigned to Mr. Allah's cell. However, on September 24, 2018, Unit Manager Grenevich upheld Mr. Allah's grievance, stating that Mr. Postell should not have been placed in the same cell as Mr. Allah.

Mr. Allah asserts that the decision to place Mr. Postell in Mr. Allah's cell, and the failure to intervene despite his threats, were in retaliation for Mr. Allah's use of the grievance procedures.

### III. Allegations related to the confiscation of his legal documents

Following the assault, Mr. Allah went on a hunger strike to protest his housing in administrative custody and to demand that he be transferred to another DOC facility. If he agreed

---

[3]  Reverend Gates' first name is not provided in the amended complaint.

3

to eat, he was told he would be transferred to SCI-Chester. While in the infirmary, Mr. Allah informed Officer Marcus Taylor that he had legal and personal property in his cell. The officer explained he would arrange to have the property transferred. Prior to being transferred, Mr. Allah also told Deputy Superintendent Mandy Sipple about legal documents still in his cell, and Ms. Sipple stated the property would be shipped to the next facility. Mr. Allah was transferred to SCI-Chester in July 2018, and he alleges his documents did not follow. Instead, Mr. Allah asserts that Defendant John Doe #2 confiscated and/or destroyed Mr. Allah's legal documents, which he needed to support his appeals in two state court cases.[4] Mr. Allah subsequently filed a grievance with respect to his legal documents. Mr. Allah alleges that the failure to transfer his legal documents led to the dismissal of his appeal in *Commonwealth v. Allah*, Civil No. 1357 EDA 2018 (Pa. Super. Ct.).

On the basis of these incidents, Mr. Allah raises four federal causes of action against all the defendants: Count I: a violation of his First Amendment right as a result of the defendants' unwritten policy and practice of prohibiting unbound materials; Count II: a violation of his Eighth Amendment right for the failure to protect Mr. Allah against Mr. Postell's attack; Count III: a violation of his First Amendment right against retaliation; and Count IV: a violation of his Fourteenth Amendment right against the destruction and/or confiscation of his legal documents which denied him access to the courts.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to give the defendant fair

---

[4] Mr. Allah represents that these cases are *Commonwealth v. Allah*, Civil No. 1357 EDA 2018 (Pa. Super. Ct.) and *Commonwealth v. Allah*, Civil No. 3334 EDA 2018 (Pa. Super. Ct.).

4

notice of what the claim is and the grounds upon which it rests," the plaintiff must provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, to survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. The Court assumes that the allegations in the complaint and all reasonable inferences emanating from the allegations are true, viewing those facts and inferences in the light most favorable to the non-moving party. *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand that the Court ignore, or even discount, reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 21 gives district courts broad discretion to decide whether to sever a case by way of the parties or the claims. The rule specifically states: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Courts consider the following factors when deciding whether to sever claims: the convenience of the parties, avoiding prejudice, and promoting expedition and economy. The motion to sever also implicates Federal Rule of Civil Procedure 20(a)(2), which sets forth that "[p]ersons . . . may be joined in one action as defendants, if: (A) any right to relief is asserted

5

against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Further, courts look to the logical relationship that exists between claims when determining whether claims arise out of the same transaction, occurrence, or series of occurrences.

## DISCUSSION

### I. The Named Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

All of the named defendants in this case, namely Defendants Ferguson, Daring, Washington, Agular, Nicholson, Mascellino, Martinez, Grenevich, and Filopanti, seek dismissal of (1) Defendant Ferguson from the litigation and (2) Mr. Allah's fourth cause of action against them in their individual capacities. Mr. Allah opposes the motion.

#### a. *Dismissal of Defendant Ferguson from this litigation*

It is well-settled law that to state a plausible claim of relief under 28 U.S.C. § 1983, a plaintiff must factually allege the personal involvement of each defendant who purportedly violated his constitutional rights. While liability cannot be predicated solely on the theory of *respondeat superior*, a plaintiff may allege the liability of a supervisor if, with facts, he can "show that the supervisor-defendant (i) 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm,' or (ii) 'participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct.'" *Andrews v. Kenney,* No. 16-1872, 2017 WL 2591931, at *2 (E.D. Pa. June 14, 2017) (citing *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (quotation marks and citations omitted), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see also Simonton v. Tennis*,

437 F. App'x 60, 64 (3d Cir. 2011) (citing *Robinson v. City of Pittsburgh*, 120 F. 3d 1286, 1293 (3d Cir. 1997)).

With respect to the first cause of action, the defendants contend that Defendant Ferguson did not have contemporaneous knowledge of the violation of Mr. Allah's First Amendment rights; thus, she cannot plausibly be alleged to have had personal involvement in the deprivation of Mr. Allah's religious rights.

The Court gleans from the amended complaint the following allegations pled in support of Superintendent Ferguson's purported liability. First, she, acting as superintendent of SCI-Graterford, was responsible for the creation and execution of all policies regarding intake, and consequently, was responsible for the confiscation of Mr. Allah's religious materials. Second, Superintendent Ferguson denied his appeal with respect to this alleged confiscation.

While liability generally does not attach when allegations of personal involvement amount only to the defendant's review of an inmate's grievance or appeal related to a prior act, *see, e.g.*, *Simonton*, 437 F. App'x at 62; *Rosa-Diaz v. Dow*, 683 F. App'x 103, 107 (3d Cir. 2017) (affirming the district court's dismissal of the Eighth Amendment claims because the plaintiff "premised them solely on the [s]upervisor [d]efendants' after-the-fact participation in reviewing grievances or appeals"), Mr. Allah here does not rely on Superintendent Ferguson's review of his grievance appeal to plead liability for previous misconduct. Rather, Mr. Allah argues that through the review of his grievance appeal, the superintendent learned of the confiscation of his religious materials, and this triggered her knowledge and acquiescence in an ingoing alleged policy of confiscating loose materials in violation of Mr. Allah's First Amendment rights. Further, according to Mr. Allah, his religious materials have not been returned or otherwise compensated. Thus, the Court

7

finds at this time that Mr. Allah has sufficiently alleged the personal involvement of Defendant Ferguson and will not dismiss her from this case entirely.

As to Mr. Allah's remaining claims, however, he does not aver that Superintendent Ferguson personally participated in the conduct that violated Mr. Allah's rights, that she directed the alleged infractions, or that she even knew of the alleged misconduct. First, Mr. Allah does not allege that Superintendent Ferguson, prior to the placement of Mr. Postell in his cell, knew of the decision to do so. Nor does Mr. Allah assert that the Superintendent knew of his request for his legal documents to be transferred. Even his counsel, at oral argument, conceded that with respect to the fourth cause of action, Superintendent Ferguson cannot be held liable. Consequently, for these reasons, Mr. Allah has not plausibly alleged the personal involvement of Superintendent Ferguson with respect to the remaining claims, and these claims will be dismissed against her.[5]

### b. *The dismissal of Count IV against the Named Defendants*

Mr. Allah's fourth cause of action, namely, the overarching claim related to the confiscation and/or destruction of Mr. Allah's legal documents, will also be dismissed against all of the other named defendants in their individual capacities. Again, there are no factual allegations averred against the named defendants with respect to this cause of action. Rather, the amended complaint only asserts that Officer Taylor and Deputy Superintendent Sipple, who Mr. Allah has not sued in this litigation, and Defendant John Doe #2, were involved in the purported confiscation and/or destruction of his legal documents.[6]

---

[5] Mr. Allah does not appear to allege Defendant Ferguson's deliberate indifference to an unconstitutional policy, custom, or practice with respect to these remaining claims.
[6] However, the dismissal of these named defendants will be without prejudice.

8

## II. The Defendants' Motion to Sever

The Court now turns to the request for severance.

Certain of the named defendants[7] also seek to sever various claims from the lawsuit. Specifically, they seek to sever the First Amendment claim related to the confiscation of religious materials, as well as the claim against John Doe #2, from this case.[8] In support, these defendants assert that Mr. Allah has brought three separate and distinct claims in one federal lawsuit, and the Federal Rules of Civil Procedure permit the Court to sever these unrelated claims.[9]

Mr. Allah opposes severance because, (1) a motion to sever is premature because discovery is still ongoing and (2) joinder is proper because the claims involve related occurrences that involve common questions of law and fact. Mr. Allah also contends that efficiency and judicial economy require joinder of these claims.

Mr. Allah appears to meet both requirements set forth under Federal Rule of Civil Procedure 20, set forth above, such that continued joinder of his claims against all the defendants is proper. Mr. Allah has alleged that the claims all relate to a common origin of events, and therefore, constitute a series of transactions or occurrence. That origin is the averred confiscation of his religious materials. This confiscation, according to Mr. Allah, led to a series of incidents by which Mr. Allah filed a related grievance and was purportedly placed in a cell with Mr. Postell in retaliation. He was then attacked by Mr. Postell, without intervention by correctional officers, also

---

[7] Defendants Ferguson, Daring, Washington, Agular, Nicholson, Mascellino, Martinez and Grenevich seek to sever these claims.

[8] While the defendants state they seek to sever the third cause of action with respect to Defendant John Doe #2, this claim is the plaintiff's retaliation claim. The Court construes the request to be one to sever the fourth cause of action which involves allegations related to John Doe #2 (the denial of access to the courts claim).

[9] They contend that the allegations related to the corrections officers who allegedly confiscated his loose religious papers during his intake at SCI-Graterford are distinct from the allegations that certain officers ignored threats made by Mr. Postell, and these allegations are also separate and unique from the allegations related to the destruction of his personal property during his transfer out of SCI-Graterford.

9

in retaliation for filing the grievance, and he was then hospitalized. Subsequently, he sought transfer out of SCI-Graterford, during which his legal documents were destroyed.

Taking these allegations as true, which the Court must at this time, Mr. Allah's claims all relate to a single source of alleged misconduct, and, thus, constitute a series of occurrences relating to at least one common question of fact that would render severance inappropriate. Further, "Rule 20(a) does not require precise congruence of all factual and legal issues[.]" *Mesa Computer Utilities, Inc. v. Western Union Computer Utilities, Inc.*, 67 F.R.D. 634, 637 (D. Del. 1975). Moreover, it may be premature to make the decision on severance at this phase of the proceedings. *See id.* at 638 ("[A]t the pleading stage, joinder should have little, if any, prejudicial effect . . . 'marginally related' parties should be permitted to join if consistent with . . . judicial economy.") The Court finds that it actually would serve the interests of judicial economy and convenience if the claims were *not* severed at this time, because, as Mr. Allah contests, discovery requests will likely involve similar factual and legal inquiries, and at trial, the factfinder may hear evidence involving all of the claims. The requested severance would only duplicate proceedings and potentially, and unnecessarily, complicate the legal proceedings.

## CONCLUSION

Consequently, for the aforementioned reasons, the Court grants the named defendants' partial motion to dismiss, specifically dismissing all claims except the first cause of action against Superintendent Ferguson entirely, and dismissing Count IV, to the extent it is asserted against the named defendants in their individual capacities. The Court also denies the motion to sever. The dismissals of the named defendants in accordance with this Memorandum will be without prejudice. To the extent that discovery reveals any of the dismissed defendants engaged in such conduct that could plausibly give rise to liability under the claims, Mr. Allah is permitted to request

10

leave to file an amended complaint. Further, the Court expects full cooperation by the dismissed defendants in any proper discovery efforts. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE